UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20759-DPG

**ASSOCIATED ENERGY GROUP, LLC,**

    Plaintiff,

v.

**ASTRO AIR INTERNATIONAL, INC.,**
**a/k/a PAN PACIFIC AIRLINES CO., LTD**,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Plaintiff Associated Energy Group, LLC's ("Plaintiff" or "AEG") Motion for Final Judgment After Default ("The Motion") against Defendant Astro Air International, Inc., a/k/a Pan Pacific Airlines CO., LTD ("Defendant"). [ECF No. 17]. Defendant failed to appear, answer, or otherwise respond to the Complaint, [ECF No. 1], despite being served on December 13, 2023, [ECF Nos. 11, 12]. The Clerk of Court entered a default against Defendant on March 1, 2024. [ECF No. 16]. The Court has carefully considered the Motion, the record, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is GRANTED.

## BACKGROUND

Between January 31, 2020, and March 11, 2020, AEG sold and delivered fuel to several of Defendant's aircraft, which Defendant received and accepted. After the fuel and services were provided to Defendant, AEG invoiced Defendant for the fuel and services furnished, (the "Invoices"). The Invoices evince each of the transactions related to the refueling of Defendant's aircraft, from January 31, 2020, through March 11, 2020, in Pampanga (Philippines), Xi'An (China), Lapu (Philippines), Wenzhou (China), Chengdu (China), Kalibo (Philippines), Wuhan

1

(China), Shantou (China), Zhengzhou (China), and Nanjing (China). The AEG General Terms and Conditions, which are expressly incorporated by the Invoices, are binding and applicable to all purchases between AEG and its customers. The Invoices were presented to the Defendant and the Defendant never objected to the Invoices. AEG has demanded payment of the debt by Defendant on several occasions but has yet to receive any payment. Presently, Defendant owes a balance of US $1,116,298.62 to AEG.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. Before entering default judgment, a "district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

At times, it may be necessary to hold a hearing to determine the amount of damages; however, a court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation" and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). Upon a review of Plaintiff's submissions, it appears there is a sufficient basis for a default judgment to be entered in favor of Plaintiff.

## ANALYSIS

The Complaint, [ECF No. 1], along with Plaintiff's Amended Corporate Disclosure Statement, [ECF No. 23], adequately establish this Court's subject-matter jurisdiction under 28 U.S.C. § 1331, because this action is between "citizens of a State and citizens or subjects of a

foreign state[.]" 28 U.S.C. § 1331(a)(2). The Court may exercise personal jurisdiction over the Defendant "because the parties have agreed, under the Agreement, to the jurisdiction of the Florida Courts over any and all disputes arising out of the Agreement." Compl. ¶ 4; *see also Dominguez v. Sasson,* No. 21-CV-60146-RAR, 2022 WL 2400042, at *9 (S.D. Fla. July 4, 2022); *Steffan v. Carnival Corp.*, No. 16-25295-CIV, 2017 WL 4182203, at *4 (S.D. Fla. Aug. 1, 2017) (noting parties can "confer [personal] jurisdiction on the courts of Florida by contract alone if certain requirements are met.").

The Court finds that a final judgment against the Defendant is proper because a default has been entered against Defendant and the Complaint filed in this action against Defendant sufficiently establishes Defendant's liability, AEG's right to relief, and the damages suffered by AEG. *Packman1, Inc. v. Seasons Best Produce Corp.*, No. 8:18-CV-816-T-23MAP, 2019 WL 96429, at *1 (M.D. Fla. Jan. 3, 2019) (finding plaintiffs were "entitled to recover" from defaulting defendants for unpaid goods as evinced by "attached invoices" which memorialized the amount due to plaintiffs). In addition, AEG's damages are a liquidated sum and are capable of mathematical calculation.

The Plaintiff also requests pre-judgment interest, calculated from March 21, 2020 (the date of the Defendant's default) to March 10, 2024 (or the date of this Order). "As in any other civil action based on diversity of citizenship, the district court must look to state law to determine the availability and amount of prejudgment interest[.]" *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1002 (11th Cir. 2007). The Court therefore applies the quarterly rates prescribed by Florida law, *see* Fla. Stat. § 55.03, and award AEG **$249,389.95** in pre-judgment interest according to the following schedule: [1]

---

[1] *See* Fla. Chief Fin. Officer, Div. of Accounting and Auditing, *Judgment Interest Rates, available at* https://myfloridacfo.com/Division/AA/LocalGovernments/Current.htm (reporting quarterly interest rates).

| Principal | Start Date | End Date | Days | Daily Rate | Total |
|---|---|---|---|---|---|
| $1,116,298.62 | 3/21/2020 | 3/31/2020 | 10 | 0.000186612 | $2,083.15 |
| $1,116,298.62 | 4/1/2020 | 6/30/2020 | 91 | 0.000181967 | $18,484.79 |
| $1,116,298.62 | 7/1/2020 | 9/30/2020 | 92 | 0.000164754 | $16,920.15 |
| $1,116,298.62 | 10/1/2020 | 12/31/2020 | 92 | 0.000146721 | $15,068.17 |
| $1,116,298.62 | 1/1/2021 | 3/31/2021 | 90 | 0.000131781 | $13,239.63 |
| $1,116,298.62 | 4/1/2021 | 6/30/2021 | 91 | 0.000118082 | $11,995.14 |
| $1,116,298.62 | 7/1/2021 | 9/30/2021 | 92 | 0.000116438 | $11,958.12 |
| $1,116,298.62 | 10/1/2021 | 12/31/2021 | 92 | 0.000116438 | $11,958.12 |
| $1,116,298.62 | 1/1/2022 | 3/31/2022 | 90 | 0.000116438 | $11,698.16 |
| $1,116,298.62 | 4/1/2022 | 6/30/2022 | 91 | 0.000116438 | $11,828.14 |
| $1,116,298.62 | 7/1/2022 | 9/30/2022 | 92 | 0.000118904 | $12,211.38 |
| $1,116,298.62 | 10/1/2022 | 12/31/2022 | 92 | 0.000130137 | $13,365.00 |
| $1,116,298.62 | 1/1/2023 | 3/31/2023 | 90 | 0.000151233 | $15,193.91 |
| $1,116,298.62 | 4/1/2023 | 6/30/2023 | 91 | 0.000180274 | $18,312.81 |
| $1,116,298.62 | 7/1/2023 | 9/30/2023 | 92 | 0.000210685 | $21,637.24 |
| $1,116,298.62 | 10/1/2023 | 12/31/2023 | 92 | 0.000233973 | $24,028.90 |
| $1,116,298.62 | 1/1/2024 | 3/10/2024 | 70 | 0.000248361 | $19,407.15 |
| | | | | **TOTAL** | **$249,389.95** |

Based on the foregoing, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Default Judgment is **GRANTED**.

2. The Court will enter a Final Default Judgment separately.

3. The Court reserves jurisdiction to determine reasonable attorneys' fees and costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of May, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record